



**FILED**
**Aug 13, 2025**
**06:26 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tracy Kenney, Jr. | ) | Docket No. 2025-20-0343 |
| | ) | |
| v. | ) | State File No. 29054-2024 |
| | ) | |
| Covenant Logistics Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

## Affirmed and Remanded

In this interlocutory appeal, the employee questions the trial court's decision on the record denying his request for additional medical and disability benefits. The employee asserted that the employer had not provided proper medical panels for treatment of his injury, that the impairment ratings were invalid, and that he was entitled to additional disability benefits. Following a review of the record, the trial court concluded that the employer had, to date, fulfilled its statutory obligation to provide all medical and disability benefits to which the employee was entitled. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Tracy Kenney, Jr., Ridgewood, New York, employee-appellant, pro se

Carrigan S. Hicks and D. Brett Burrow, Nashville, Tennessee, for the employer-appellee, Covenant Logistics Group, Inc.

## Memorandum Opinion[1]

On March 1, 2024, Tracey Kenney, Jr. ("Employee"), was driving a tractor-trailer for Covenant Logistics Group, Inc. ("Employer"), when he was sideswiped on the driver's side in a hit and run accident on the interstate. Employee reported the accident to Employer and was provided a panel of physicians from which he selected Dr. Natasha Ballard for

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

medical treatment of his neck, back, and right shoulder symptoms. Dr. Ballard's Physician's Assistant ("PA") saw him that same day, assigned work restrictions of no lifting over ten pounds, and stated that, based on Employee's history and physical examination, his symptoms were "greater than 51% work related."

Employer offered Employee a job within his restrictions on April 23, 2024, and Employee accepted the modified job offer on April 25. Employee later began to complain of pain and weakness in his right hand, and Dr. Ballard's PA concluded that his complaints were "out of proportion" based on his reported mechanism of injury and his physical examination. Thereafter, Employee was referred to an orthopedist, and he selected Dr. James Jolley from a panel of orthopedic specialists. Dr. Jolley reviewed Employee's cervical MRI and determined he had not suffered a neck injury. He also assigned work restrictions of no lifting over 20 pounds with the right arm, and he referred Employee to Dr. Thomas Brown for a right shoulder examination

Employer authorized treatment with Dr. Brown, and Employee first saw him on June 20, 2024. At that time, Dr. Brown stated that his examination of Employee's right shoulder was "unremarkable," and he did not assign any work restrictions. He ordered an MRI of the right shoulder, which a radiologist concluded revealed a nondisplaced labral tear and mild bursitis. Because the MRI was performed without contrast, Dr. Brown felt it might be unreliable. He also was unable to view the images because Employee brought in a CD that was not compatible with his computer. Ultimately, Dr. Brown recommended a rotator cuff rehabilitation program for Employee instead of surgery. In September 2024, Dr. Brown again reported "unremarkable" findings when he examined Employee's shoulder and documented "[n]o labral signs." Dr. Brown placed Employee at maximum medical improvement, returned him to work with no permanent restrictions, and stated he would see Employee "as needed." Later that month, Employee resigned from his position with Employer. Dr. Brown later noted that Employee was "doing extremely well in terms of his right shoulder" and assigned a 0% permanent physical impairment.

In January 2025, Employee filed a Petition for Benefit Determination seeking additional medical and disability benefits. Employer then sent Employee Requests for Admissions pursuant to Rule 36 of the Tennessee Rules of Civil Procedure, asking him to admit several statements, including that he did not want to return to Dr. Jolley or Dr. Brown for future medical treatment. Employee admitted that the statement was true. Employer also submitted the affidavit of Amanda Brett Church, the adjuster assigned to Employee's claim. Ms. Church testified that Employee was placed on work restrictions beginning April 17, 2024, and was paid temporary total disability benefits from that date until he was offered modified work on April 23. She stated that Employee worked modified duty from April 25 through August 11. She also testified that, even though Dr. Brown terminated Employee's work restrictions in June, Employer continued to provide modified duty assignments until August 13 and paid temporary partial disability benefits until Employee resigned in September.

2

In his written filings, Employee argued that Employer did not provide him with proper medical panels to treat his work injury, that his medical care was inadequate, and that the impairment ratings he had received were not valid. In response, Employer filed Employee's discovery responses in which he admitted that he refused to go back to his authorized physicians, wanted to control his own medical care, and did not want a second opinion. In a decision on the record, the trial court denied Employee's request for additional medical treatment, temporary disability, and increased or extraordinary disability benefits arising from his March 2024 work-related injuries. The court noted that Employer had provided Employee with two panels pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) and had authorized Dr. Jolley's direct referral to Dr. Brown. Dr. Brown ordered an MRI, which revealed no acute abnormalities, and opined that Employee needed rotator cuff rehabilitation rather than surgery. Thereafter, Dr. Brown returned Employee to full duty work and did not recommend additional medical treatment. Employee presented no medical proof to rebut Dr. Brown's opinions and no factual or legal argument as to how the medical panels were somehow improper. The court concluded that Employer had complied with its statutory obligations to provide medical care. In addition, the court determined that Employee had received the temporary disability benefits he was owed. Finally, the court concluded that, since Employee's initial workers' compensation award has not been determined, any decision related to increased or extraordinary disability benefits would be premature. Employee has appealed.

In his notice of appeal, Employee references an expedited hearing order of February 19, 2025, but the order relevant to this appeal was issued on June 2, 2025. In addition, when asked to provide a statement of the issues on appeal, Employee stated:

I have complained to Human Resources and workers['] compensation manager that my injury has kept me from completing specific task[s] while being on modified light work duty. I am being told I have not proven that at all. I have also missed days during light duty work due to my injury. I am asking for a second impairment rating due to the fact I was told that the orthopedi[st] I was referred to does not perform that at their office. Treating physicians are not necessar[il]y encouraged to perform impairment ratings. When treating physicians are unable to perform[,] it[']s recommended that workers with injuries seek to have evaluation.

Conversely, Employer asserts that the trial court's order should be affirmed. It contends that Employee's appeal is deficient on its face and that he has failed to identify any issue on appeal or basis for relief from the trial court's judgment. Employer argues that the evidence does not preponderate against the trial court's findings. We agree.

Because this was a decision on the record, there is no transcript for us to review. However, Employee did not file a brief on appeal and, thus, has failed to provide any legal argument in support of his request for benefits or his assertion that the trial court erred. As

3

stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). The law prohibits us from searching the record for errors, raising legal issues, and making arguments on behalf of a party. Appellate tribunals will not "dig through the record in an attempt to discover arguments or issues that [a party] may have made" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

At an expedited hearing, the employee has the burden of proving he is "likely to prevail at a hearing on the merits of his claim for benefits." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Based on the record before us, we agree with the trial court's finding that Employee has not met his burden of showing he will likely prevail at trial in establishing his entitlement to additional medical or disability benefits at this time. In short, the preponderance of the evidence before us supports the trial court's findings.

For the foregoing reasons, we affirm the order of the trial court and remand the case. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tracy Kenney, Jr. | ) | Docket No.  2025-20-0343 |
| | ) | |
| v. | ) | State File No.  29054-2024 |
| | ) | |
| Covenant Logistics Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of August, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Tracy Kenney, Jr. | | | | X | kenneytracy2@gmail.com |
| D. Brett Burrow Carrigan S. Hicks | | | | X | bburrow@burrowlee.com chicks@burrowlee.com tbrasher@burrowleee.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov